**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WOW TECH USA, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>EIS, INC.,<br><br>Defendant. | Civil Action No. 24-115-GBW |

Paul D. Brown, Gregory E. Stuhlman, Ryan M. Lindsay, CHIPMAN BROWN CICERO & COLE, LLP, Wilmington, Delaware; Tammy J. Terry, Lisa E. Margonis, NELSON MULLINS RILEY & SCARBOROUGH LLP, Houston, Texas.

*Counsel for Plaintiff*

Brian P. Egan, Cameron P. Clark, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Naveen Modi, Allan M. Soobert, Phillip W. Citroen, Chetan Bansal, David Valente, James V. Razick, PAUL HASTINGS LLP, Washington, District of Columbia.

*Counsel for Defendant*

**MEMORANDUM OPINION**

January 9, 2026
Wilmington, Delaware

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Pending before the Court is Defendant EIS, Inc.'s ("Defendant") Motion to Dismiss Plaintiff WOW Tech USA, Ltd.'s ("Plaintiff") First Amended Complaint ("Motion") (D.I. 16), which has been fully briefed (D.I. 17; D.I. 20; D.I. 21). For the reasons set forth below, the Court grants Defendant's Motion, dismisses Plaintiff's First Amended Complaint (D.I. 15), and grants Plaintiff's request for leave to amend.

## I. FACTUAL BACKGROUND

The following are allegations from Plaintiff's First Amended Complaint (D.I. 15), which are taken as true for the purpose of resolving Defendant's Motion.

"Plaintiff and Defendant are direct competitors in the field of sex toys, both in the United States and globally." D.I. 15 ¶ 29. In a related patent infringement action ("Patent Action"), *EIS Inc. v. IntiHealth Ger GmbH*, C.A. No. 19-1227 (D. Del), a jury found that Defendant willfully infringed patents owned by a company related to Plaintiff, Novoluto GmbH ("Novoluto"), through Defendant's sales of a category of products referred to, advertised, and promoted by Defendant as its "Air Pulse" products. D.I. 15 ¶ 11. Defendant's Air Pulse products "are the same products involved in this action." *Id.*

Shortly after the jury verdict in the Patent Action, Andre Geske ("Mr. Geske"), the sole owner of the Defendant's "ultimate parent company" and the "sole decision maker" on Defendant's major decisions, D.I. 15 ¶ 12, "began contacting distributors and retailers in the sex entertainment industry, some of which are Plaintiff's existing distributors and retailers, about the jury verdict." D.I. 15 ¶ 13. In these discussions, Mr. Genske told "distributors and retailers" that

the jury verdict in the Patent Action "gave Defendant a fully paid-up license for the lifetime of Novoluto's patents-in-suit," and that the license includes Defendant's Air Pulse products, "including new-yet-materially-identical products Defendant has released and continues to introduce to the market since trial in the Patent [Action]." D.I. 15 ¶ 17. However, in the Patent Action, "neither party presented any testimony or evidence that a fully paid-up license for the life of the [a]sserted [p]atents was appropriate." D.I. 15 ¶ 18.

As part of their respective business practices, Plaintiff and Defendant attend business-to-business ("B2B") trade shows, where they conduct advertising, promotional, and sales activities. D.I. 15 ¶ 30. At or in connection with these industry B2B trade shows, "Plaintiff and Defendant both meet new prospective distributors and retailers, establish new supplier-customer relationships, and negotiate and conclude new sales and distribution agreements." D.I. 15 ¶ 31. As a result, Plaintiff and Defendant generate a "substantial percentage" of their total annual U.S. sales at or in connection with industry B2B trade shows. D.I. 15 ¶¶ 32-33.

"The ANME Founders Show is a key B2B trade show in the sex entertainment industry and is held twice each year." D.I. 15 ¶ 34. During the January 2024 AMNE Founders Show, Jeff Garlow ("Mr. Garlow"), Defendant's President, told "multiple distributors that there ha[d] been settlement talks" with Plaintiff and that "there would be a settlement deal between the parties to the [Patent Action] that will allow Defendant to continue to sell all Air Pulse products in the United States without any issues and without having to pay any royalties." D.I. 15 ¶¶ 36-37. Because these statements were disseminated "widely and to so many distributors" at the January 2024 ANME Founders Show, Plaintiff was approached by "at least three different individuals from three different distributors" about Mr. Garlow's statements. D.I. 15 ¶ 37.

"XBIZ LA is a key B2B trade show in the sex entertainment industry." D.I. 15 ¶ 43. During or in connection with the January 2024 XBIZ LA trade show, Mr. Garlow told "multiple distributors that there would be a settlement deal between the parties to the [Patent Action] that [would] allow Defendant to continue to sell all Air Pulse products in the United States." D.I. 15 ¶ 45. Mr. Garlow also told "multiple distributors that Defendant will have use of Novoluto's patents for 14 years," and that "none of Defendant's Air Pulse products will be 'going away' in the United States . . . ." D.I. 15 ¶¶ 46-47.

## II. PROCEDURAL HISTORY

On March 8, 2024, Plaintiff filed its First Amended Complaint, which is the operative pleading. D.I. 15. Plaintiff's First Amended Complaint alleges three counts: (1) violation of the Lanham Act (D.I. 15 ¶¶ 54-65); (2) deceptive trade practices under the Delaware Deceptive Trade Practices Act (D.I. 15 ¶¶ 66-73); and (3) unfair competition under Delaware common law (D.I. 15 ¶¶ 74-80). On March 22, 2024, Defendant filed its Motion (D.I. 16), which has been fully briefed (D.I. 17; D.I. 20; D.I. 21).

## III. LEGAL STANDARDS

### A. Motion to Dismiss

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). But the Court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*,

824 F.3d 333, 341 (3d Cir. 2016) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)).

In evaluating a motion to dismiss, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Pinnavaia v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)), *aff'd*, 2018 WL 11446482 (3d Cir. Apr. 6, 2018). Rule 12(b)(6) requires the Court to "accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Brady v. Static Media*, C.A. No. 23-1078-GBW, 2024 WL 4103719, at *2 (D. Del. Sept. 6, 2024) (first citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); and then citing *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)).

"A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420). The "movant bears the burden of demonstrating that the complainant failed to state a claim upon which relief may be granted." *Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, C.A. No. 23-239, 2024 WL 2804703, at *1 (D. Del. May 31, 2024) (citing *Young v. West Coast Indus. Relations Ass'n, Inc.*, 763 F. Supp. 64, 67 (D. Del. 1991)).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. (9)(b). "The essence of the particularity requirement is 'the who, what, when, where, and how.'" *United States v. Bracco USA, Inc.*, No. 24-1668, 2025 WL 1261779, at *2 (3d Cir. May 1, 2025) (quoting *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 176 (3d Cir. 2019)). "Plaintiffs may satisfy this requirement by pleading

the date, place or time of the fraud, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud . . . . Plaintiffs also must allege who made [the] misrepresentation to whom and the general content of the misrepresentation." *Kuhn Const. Co. v. Ocean & Coastal Consultants, Inc.*, 844 F. Supp. 2d 519, 530 (D. Del. 2012) (quoting *Lum v. Bank of America*, 361 F.3d 217, 224 (3d Cir. 2004)).

**B. Lanham Act**

Section 43(a) of the Lanham Act provides that:

> (1) [a]ny person who, on or in connection with any goods or services . . . uses in commerce any . . . false or misleading description of fact, or false or misleading representation of fact, which . . .
>
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B). "To prevail on a claim for false advertising under the Lanham Act, a plaintiff must prove: (1) the defendant has made a false or misleading statement regarding his own product or another's; (2) that has a tendency to deceive the intended audience; (3) the deception is material and is likely to influence purchasing decisions; (4) the advertised goods traveled in interstate commerce; and (5) there is a likelihood of injury to the plaintiff." *Tigo Energy Inc. v. SMA Solar Tech. Am. LLC*, Civil Action No. 22-915-GBW, 2024 WL 964203, at *12 (D. Del. Mar. 5, 2024) (quoting *North Atlantic Imports LLC, v. Loco-Crazy Good Cookers, Inc.*, C.A. No. 23-999-GBW-SRF, 2024 WL 245955, at *2 (D. Del. Jan. 23, 2024)). Each statement must "satisfy all the Lanham Act's requirements." *Registered Agent Sols., Inc. v. Corp. Serv. Co.*, C.A. No. 1:21-CV-786-SB, 2022 WL 911253, at *2 (D. Del. Mar. 28, 2022) (cleaned up) (quoting *Verisign,*

*Inc. v. XYZ.COM LLC*, 848 F.3d 292, 299 (4th Cir. 2017)). Plaintiff "may not 'mix and match statements, with some satisfying one Lanham Act element and some satisfying others.'" *Id.* (quoting *Verisign*, 848 F.3d at 299).

## IV. DISCUSSION

Defendant's Motion seeks to dismiss Plaintiff's First Amended Complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for failure to join an indispensable party under Federal Rule of Civil Procedure 12(b)(7). D.I. 16 at 1. Defendant's Motion further seeks to dismiss Plaintiff's state law claims under Federal Rule of Civil Procedure 12(b)(1), if the Court were to grant Defendant's Motion as to Plaintiff's Lanham Act claim. *Id.* n.1.

As set forth below, the Court agrees with Defendant that Plaintiff's First Amended Complaint fails to state a false-advertising claim under the Lanham Act. The Court also declines to exercise jurisdiction over Plaintiff's remaining state law claims, and grants Plaintiff's request for leave to amend.

### A. Plaintiff Fails to State a Claim under the Lanham Act

As an initial matter, the parties dispute the applicable pleading standard for Plaintiff's Lanham Act claim. Defendant has requested application of Rule 9(b)'s heightened "particularity" pleading standard (D.I. 17 at 5-6), whereas Plaintiff seeks application of Rule 8's pleading standard (D.I. 20 at 3-4).

There is a split of authority in the Third Circuit as to whether the pleading standard for a Lanham Act false advertising claim requires application of Rule 8, Rule 9(b), or an "intermediate standard." *See, e.g.*, *EVCO Tech. & Dev. Co., LLC v. Buck Knives, Inc.*, C.A. No. 05-6198, 2006 WL 2773421, at *5 (E.D. Pa. Sept. 22, 2006) (applying an "intermediate standard" requiring "more

particularity than traditional notice pleading under Rule 8 but less than the specificity required by Rule 9"); *Registered Agent Sols., Inc. v. Corp. Serv. Co.*, C.A. No. 21-786, 2022 WL 911253, at *1-*2 (D. Del. Mar. 28, 2022) (Bibas, J., sitting by designation) (applying Rule 9(b) on the basis that the plaintiff's Lanham Act claim sounded in fraud); *Peloton Interactive, Inc. v. ICON Heath & Fitness, Inc.*, C.A. No. 20-662-RGA, 2021 WL 2188219, at *5 (D. Del. May 28, 2021) (applying Rule 8 and noting that that there is disagreement in the Third Circuit as to the applicability of the intermediate standard).[1]

The Court begins with "first principles." *Registered Agent*, 2022 WL 911253, at *1. Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud" in its averments of fraud. Fed. R. Civ. P. 9(b). As the Third Circuit has observed, fraud need not be an element of a claim for that claim to be subject to Rule 9(b). *See, e.g.*, *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 717 (3d Cir. 1996) (Alito, J.) (noting that, even when "fraud is not a necessary element of a claim, . . . claims that do sound in fraud must be pled with particularity"); *Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82, 85-86 & 85 n.3 (3d Cir. 2015) (citing *In re Westinghouse* and applying Rule 9(b)'s pleading standard to plaintiffs' "claims for intentional and negligent misrepresentation, unjust enrichment, and an injunction" because they sounded in

[1] This Court has previously applied Rule 8 to a Lanham Act false-advertising claim. *Cipla USA, Inc. v. Ipsen Biopharmaceuticals, Inc.*, C.A. No. 22-552-GBW, 2023 WL 4013542, at *4 (D. Del. June 15, 2023). In *Cipla*, the defendant objected to a report and recommendation on the basis that the report and recommendation applied Rule 8's pleading standard. *Id.* In resolving the defendant's objection, the Court recognized that the defendant "did not seek application of a higher pleading standard" in its initial briefing. *Id.* The Court subsequently analyzed the claim under Rule 8, reasoning, *inter alia*, that "it was unclear to this Court whether [the defendant] meant to argue that Rule 9(b) should be applied." *Id.*; *see also id.* n.2. In this action, unlike in *Cipla*, Defendant has clearly and unambiguously requested the application of Rule 9(b).

fraud).[2] For example, the Third Circuit has stated that "[a] securities lawsuit sounds in fraud when it accuses the defendants of 'intentionally,' 'knowingly,' or 'recklessly' misrepresenting . . . certain material information.'" *Garfield v. Shutterfly, Inc.*, No. 20-2249, 2021 WL 2026854 at *79 (3d Cir. May 21, 2021) (quoting *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 287 (3d Cir. 1992)).

Thus, the Court must determine whether the allegations underlying Plaintiff's Lanham Act claim sound in fraud. As for this issue, the court's analysis in *Registered Agent* is informative:

> Here, Registered Agent's Lanham Act claim sounds in fraud. The touchstone of fraud is the intent to mislead. So, a claim "sounds in fraud" if "the specific factual allegations on which it is based . . . aver that a defendant 'intentionally,' 'knowingly,' or 'recklessly' misrepresented . . . certain material information." *Shapiro*, 964 F.2d at 287. Under that test, this case is clear cut: Registered Agent alleges that "[Corporation Service] made its false and misleading statements knowingly and willfully, or recklessly."

2022 WL 911253, at *2 (cleaned up). Similarly to the plaintiff in *Registered Agent*, in this action, Plaintiff's Lanham Act claim alleges that Mr. Geske and Mr. Garlow "willfully and knowingly made literally false, misleading statements" (D.I. 15 ¶ 55), that these statements were "intended to deceive and did deceive, or were likely to deceive" their intended audience (D.I. 15 ¶ 56), and that they had a "material" effect on the purchasing decisions of their audience (D.I. 15 ¶ 58). Thus, the Court concludes that the Lanham Act allegations in Plaintiff's First Amended Complaint sound in

---

[2] The Seventh Circuit has stated - albeit in dicta - that Lanham Act false-advertising claims require application of Rule 9(b). *See Gensler v. Strabala*, 764 F.3d 735, 737 (7th Cir. 2014) (noting that, where a Lanham Act claim charges the defendant with "a form of fraud," a court should "expect [the] complaint to allege with particularity the nature of the grievance" under Rule 9(b)). Following *Gensler*, many courts within the Seventh Circuit apply Rule 9(b)'s pleading standard to false-advertising claims under the Lanham Act. *See, e.g.*, *DWN Int'l, Inc. v. Cristaux, Inc.*, C.A. No. 24-02758, 2024 WL 4987399, at *3 (N.D. Ill. Dec. 5, 2024) ("Although the Seventh Circuit has only suggested in dicta that Rule 9(b) applies to Lanham Act violations, *see Gensler v. Strabala*, 764 F.3d 735, 737 (7th Cir. 2014), district courts ***consistently*** hold that Rule 9(b) applies to false advertising claims under the Lanham Act and [Illinois Uniform Deceptive Trade Practices Act] sounding in fraud.") (emphasis added) (footnote omitted).

fraud. *See Registered Agent*, 2022 WL 911253, at *2. The Court need not and does not reach the issue of whether all Lanham Act false-advertising claims categorically require application of Rule 9(b)'s pleading standard.

Because Plaintiff's allegations sound in fraud, the Court applies Rule 9(b)'s pleading standard. *See* Fed. R. Civ. P. 9(b). As stated above, under Rule 9(b), Plaintiff must allege the "who, what, when, where, and how." *Bracco*, 2025 WL 1261779, at *2 (quoting *Bookwalter*, 946 F.3d at 176). Under this standard, each of the alleged statements falls short.

*First*, Plaintiff alleges Mr. Geske made "post-verdict communications with distributors and retailers in the sex toy industry" about the nature and consequences of the jury verdict in the Patent Action. D.I. 15 ¶ 17.[3] However, Plaintiff fails to properly allege "to whom" these statements were made with adequate specificity. *See Registered Agent*, 2022 WL 911253, at *4 (plaintiff's allegation that the defendant made "multiple calls" to unnamed clients of the plaintiff was insufficient to meet Rule 9(b)'s pleading standards). For example, while Plaintiff alleges that "certain distributors that had expressed interest in entering exclusive distribution relationships with Plaintiff have indefinitely paused negotiations," and that those distributors cited "specific statements" made by Defendant (D.I. 15 ¶ 62), Plaintiff does not allege the identity of any distributor with specificity.

---

[3] Defendant claims that this statement is not "false" because "[a] lump sum patent damages award has the same effect as a lifetime paid-up license to the patents." D.I. 17 at 10 (citation omitted). However, this reads past the allegation itself, which states that Mr. Geske told others that the *jury* gave Defendant a license, where such license purportedly granted Defendant the ability to sell "new-yet-materially-identical products Defendant has released and continues to introduce to the market" (D.I. 15 ¶ 17), even though final judgment had not been entered in the Patent Action (D.I. 15 ¶ 26).

*Second*, Plaintiff alleges that Mr. Garlow made statements to "multiple distributors" that Plaintiff and Defendant were engaged in settlement talks at two different trade shows and that Defendant would have use of Novoluto's patents for fourteen years. D.I. 15 ¶¶ 37, 45-47. These allegations also fail to adequately specify "to whom" these statements were made with adequate specificity. *See Registered Agent*, 2022 WL 911253, at *4.

Plaintiff requests leave to amend in the event the Court finds the factual allegations in its First Amended Complaint deficient. D.I. 20 at 13; *cf.* D.I. 21 at 10 (opposing Plaintiff's request).[4] "Federal Rule of Civil Procedure 15(a) provides that 'leave [to amend] shall be freely given when justice so requires.'" *Burlington Coat Factory*, 114 F.3d at 1434 (alteration in original) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996)). "Ordinarily where a complaint is dismissed on Rule 9(b) 'failure to plead with particularity' grounds alone, leave to amend is granted." *Id.* (collecting cases); *Kumar v. Kulicke & Soffa Indus., Inc.*, C.A. No. 19-0362, 2019 WL 5081896, at *12 (E.D. Pa. Oct. 9, 2019) (granting leave to amend after dismissal for pleading deficiencies under Rule 9(b) and *Burlington Coat Factory*, even though plaintiffs had not requested leave to amend); *cf. California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 165 (3d Cir. 2004) (affirming the district court's denial of leave to amend where the plaintiffs were "explicitly warned to either plead . . . claims in accordance with Rule 9(b), or strip them of all averments of fraud").

---

[4] As Defendant observes (D.I. 21 at 10), Plaintiff did not attach a proposed amended pleading or identify any supplemental facts that it would add in such a complaint. However, Plaintiff's First Amended Complaint appears to contain factual allegations that, if properly supplemented, could support Plaintiff's claims. In addition, this is Plaintiff's first request for leave to amend, and Defendant offers no other basis as to why leave to replead should be denied. *See California Pub.*, 394 F.3d at 165 ("Leave to replead, however, is often properly denied on other grounds, such as undue delay, bad faith, dilatory motive, prejudice and futility.") (citation omitted).

The Court will therefore dismiss Plaintiff's Lanham Act claim without prejudice and grant Plaintiff leave to amend. *See, e.g.*, *Kumar*, 2019 WL 5081896, at *12; *Gen3 Mktg. LEP v. Ella Paradis, Inc.*, C.A. No. 19-3498, 2020 WL 247528, at *4 (E.D. Pa. Jan. 15, 2020) (citing *Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1435); *Registered Agent*, 2022 WL 911253, at *5 ("Because Registered Agent fails to identify any false or misleading commercial advertisement, I will dismiss its Lanham Act claims. But I do so without prejudice to give it another chance to state a claim.").

### B. The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's State Law Claims

The only federal claim asserted in Plaintiff's First Amended Complaint is Plaintiff's Lanham Act claim. Given the Court has now dismissed Plaintiff's Lanham Act claim, no federal claim remains, and the parties are not diverse. D.I. 15 ¶¶ 1-2 (alleging that both parties are Delaware corporations). Therefore, the Court must decide whether to exercise supplemental jurisdiction over the remaining state law claims. *See Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). Given that there are no specific "considerations of judicial economy, convenience, and fairness to the parties" present in this action providing the Court an "affirmative justification" for exercising jurisdiction over the pendent state claims, the Court declines to exercise jurisdiction over Plaintiff's state law claims. *See id.* Thus, Plaintiff's second and third causes of action are dismissed without prejudice.

## V. CONCLUSION

For the above reasons, Defendant EIS, Inc.'s Motion to Dismiss Plaintiff WOW Tech USA, Ltd.'s First Amended Complaint (D.I. 16) is granted, and Plaintiff's First Amended Complaint (D.I. 15) is dismissed. However, Plaintiff is granted an opportunity to file an amended pleading. An Order consistent with this Memorandum Opinion will be entered.