IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WOW TECH USA, LTD.,                          :
                                             :
            Plaintiff,                       :          Civil Action No. 24-115-GBW
                                             :
      v.                                     :
                                             :
EIS, INC.,                                   :
                                             :
            Defendant.                       :

**MEMORANDUM ORDER**

AND NOW, this 9th day of April 2026, having considered Plaintiff's Motion for Leave to

File Its Third Amended Complaint Under Seal ("Plaintiff's Motion ") (D.I. 34), Defendant EIS

Inc.'s Answering Brief in Opposition to Plaintiff's Motion for Leave to File Its Third Amended

Complaint Under Seal (D.I. 37), and Plaintiff's Reply in Support of Its Motion to File Third

Amended Complaint Under Seal (D.I. 38), IT IS HEREBY ORDERED that Plaintiff's Motion

for Leave to File Its Third Amended Complaint Under Seal (D.I. 34) is DENIED, and the Clerk

of Court shall unseal immediately Plaintiff's Third Amended Complaint (D.I. 35).

Plaintiff has not met its burden to show that (1) the material seeking to be sealed is the

kind of information that courts will protect; and (2) disclosure will work a clearly defined and

serious injury to the party seeking closure. *See Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir.

1994).

Specifically, Plaintiff seeks to seal and designate as "Attorneys Eyes Only" the names of

third-party witnesses on the alleged and unsubstantiated grounds that disclosing the names in

their Third Amended Complaint and exhibits to same would create "a substantial risk of

intimidation, harassment, and/or business retaliation . . . ." D.I. 34 at 2. However, it is likely that those third-party witnesses will be subpoenaed and deposed in this action, and they will likely be key witnesses for purposes of trial. *See* D.I. 37 at 5. The names of such third-party witnesses are not the kind of information that courts will protect, absent extraordinary circumstances, and plaintiff has not shown that those extraordinary circumstances exist in this case. *See Miller*, 16 F.3d at 551; *Diamond Pleasonton Enter., Inc. v. City of Pleasonton*, No. 12-CV-00254-WHO, 2015 WL 74946, at *1 (N.D. Cal. Jan. 5, 2015 (denying non-party witness motion to seal own name based on conclusory fears of damage to professional career and explaining that "I can imagine no compelling reason to seal her name that would be sufficient to override the significant public interest in access to judicial proceedings. Absent extraordinary circumstances, witnesses do not testify anonymously under our system of laws."); *Martin v. Sears, Roebuck and Co.*, No. 08_CV-01998-MSK-KMT, 2009 WL 4730466, at *13 (D. Colo. Dec. 7, 2009) (denying motion to seal non-party witness names and explaining that "in all but the most sensitive circumstances, the non-party's privacy interest is subordinate to the public interest in transparent judicial proceedings."). Moreover, Plaintiff's arguments that the Court already addressed its arguments and agreed with them by allowing Plaintiff to file the Second Amended Complaint under seal are flawed and misplaced. The Court made no factual findings in entering its Order summarily granting the Motion to file the Second Amended Complaint under Seal because the Court understood that Motion to be unopposed. With respect to the current motion, the Court is clear that Defendants oppose it. Thus, Plaintiff has failed to meet its burden to show that the material it seeks to seal is the kind of information that courts will protect.

In addition, Plaintiff is the party seeking closure of the material it asks to be sealed but has not shown how disclosure will work a clearly defined and serious injury to it as the party seeking closure, as required. *See Miller*, 16 F.3d at 551. In fact, Plaintiff does not allege that it will suffer any harm from the disclosure. *See* D.I. 34 and D.I. 37. Thus, Plaintiff has failed to meet its burden to show disclosure will work a clearly defined and serious injury to the party seeking closure.

WHEREFORE, Plaintiff's Motion for Leave to File Its Third Amended Complaint Under Seal (D.I. 34) is DENIED, and the Clerk of Court shall unseal immediately Plaintiff's Third Amended Complaint (D.I. 35).

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

3